# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **GREGORY M. STARR,** | Case No. 1: 20 CV 503 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **STATE OF OHIO,** *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| **Defendants.** | |

## Background

*Pro se* plaintiff Gregory M. Starr has filed a civil rights complaint in this matter against the State of Ohio and Cuyahoga Services Corporation. (Doc. No. 1.)

Although the complaint appears to relate to an Order of Support issued by Juvenile Division of the Cuyahoga County Court of Common Pleas (*see* Doc. No. 1-1), it does not set forth comprehensible allegations or cogent legal claims. On its face, it purports to assert a host of civil rights claims against the defendants (including under 14th, 10th, 7th, and 1st Amendments to the United States Constitution and the Ohio Bill of Rights), but it does not set forth factual allegations supporting such claims. Instead, the complaint consists entirely of unclear and conclusory legal statements and references, including with respect to "Divorces and judicial power," "corporate powers," "involuntary servitude," "conspiracy," "Preservation of the freedom to choose health care and health care coverage," and jurisdiction over state domestic relations matters. (Doc. No. 1 at 1, 2, 4, 5.)

The plaintiff has filed motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. But for the reasons stated below, the complaint is dismissed.

## Standard of Review

Although *pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id* at 471.

### Discussion

Upon review, the Court finds that the plaintiff's complaint must be summarily dismissed. The vague, conclusory, and incoherent assertions and statements in the plaintiff's pleading fail to meet basic pleading requirements and do not reasonably suggest any plausible federal civil rights claim upon which he may be granted relief against the defendants. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Furthermore, this Court lacks jurisdiction over the plaintiff's action to the extent he is seeking to sue in federal court to modify or interpret an existing state child support order. *See Alexander v.*

*Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (the domestic relations exception to federal jurisdiction precludes federal courts from hearing cases that involve the issuance of a divorce, alimony, or child custody decree where the plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree).

## Conclusion

For the foregoing reasons, the plaintiff's complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 17, 2020

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE